NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2254
_____

ARBEY LABRADA ARRECHEA,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A041-082-013)
Immigration Judge: Ramin Rastegar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 17, 2024

Before: HARDIMAN, SMITH and FISHER, *Circuit Judges*.

(Filed: August 16, 2024)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Arbey Labrada Arrechea petitions for review of the final order of removal issued

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

by the Board of Immigration Appeals, affirming the immigration judge's denial of his application for cancellation of removal under 8 U.S.C. § 1229b(a),[1] without opinion.[2] Arrechea, a native and citizen of Colombia, was charged with inadmissibility under 8 U.S.C. § 1182(a)(2)(A)(i)(I) based on a New Jersey conviction for conspiracy to commit carjacking. For the reasons set forth below, we will dismiss the petition.

"[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [certain] criminal offense[s]."[3] Such offenses include "crime[s] involving moral turpitude . . . or . . . attempt[s] or conspirac[ies] to commit such a crime."[4] Arrechea does not contest that his conviction falls within this ambit, or that he is inadmissible as charged. He has thus forfeited any argument to the contrary, which, in any event, we would be jurisdictionally barred from reviewing for lack of exhaustion.[5]

Arrechea's only remaining jurisdictional contention thus stems from the IJ's unfavorable exercise of discretion not to cancel his removal from the United States. "An

---

[1] The BIA exercised jurisdiction over Arrechea's appeal under 8 C.F.R. § 1003.1(b)(3). "We have jurisdiction to determine our jurisdiction," *Wang v. Att'y Gen.*, 898 F.3d 341, 343 n.3 (3d Cir. 2018), and in cases like this, our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(C). We review questions of jurisdiction de novo. *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012).

[2] Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision directly. *See Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

[3] 8 U.S.C. § 1252(a)(2)(C).

[4] *Id.* § 1182(a)(2)(A)(i)(I).

[5] *Id.* § 1252(d).

IJ deciding a noncitizen's request for cancellation of removal proceeds in two steps. First, the IJ must decide whether the noncitizen is eligible for cancellation under the relevant statutory criteria. Second, an IJ decides whether to exercise his discretion favorably and grant the noncitizen relief in the particular case."[6] Here, the IJ determined that Arrechea was eligible for cancellation; our only consideration therefore centers on his exercise of discretion.

But we lack jurisdiction over an IJ's discretionary conclusions.[7] There is only one relevant exception: that we may consider "constitutional claims or questions of law" arising from the IJ's exercise of discretion.[8] Nevertheless, "[a] party cannot confer jurisdiction on this Court where none exists simply by attaching a particular label to the claim raised in a petition for review."[9] Despite appending such labels to his arguments, Arrechea fails to present a colorable constitutional or legal claim.

Arrechea first contends that the IJ employed the wrong legal standard when considering the hardship faced by his family in the event of removal. Disagreements with discretionary conclusions are the basis for Arrechea's argument; despite his labeling, he believes that the IJ incorrectly weighed evidence of familial hardship. But the fact is that the IJ discussed those familial ties extensively, and simply concluded that they did not

---

[6] *Wilkinson v. Garland*, 601 U.S. 209, 212–13 (2024).
[7] 8 U.S.C. § 1252(a)(2)(B)(i).
[8] *Id.* § 1252(a)(2)(D).
[9] *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008).

outweigh other negative considerations. That is not a disagreement with the IJ's legal standard, but rather a disagreement with the IJ's exercise of discretion in rendering his decision. And we lack jurisdiction to review that decision.[10]

Arrechea next argues that the IJ employed the incorrect legal standard when assessing his employment history, good moral character, and other favorable equities. For example, he claims the IJ erred in relying on his tax returns as evidence of employment history rather than his Social Security earnings statements. And he points to other evidence, such as letters from his sister-in-law and aunt offering support for his character, that he claims the IJ did not review. First, such evidentiary considerations are well within an IJ's discretion, so we cannot review them.[11] Second, Arrechea misunderstands the IJ's responsibilities. "While the IJ 'is not required to write an exegesis on every contention,' he must show 'that [he] has reviewed the record and grasped the movant's claims.'"[12] The IJ did so here. Third, Arrechea is frequently wrong on the record. For example, he criticizes the IJ's decision to rely "exclusively" on tax returns to reach conclusions about his employment history rather than his Social Security earnings statements.[13] To the

---

[10] *Id.* at 170–71 (reasoning that disagreement with IJ's evaluation of hardship to family members does not give rise to jurisdiction under 8 U.S.C. § 1252(a)(2)(D)).

[11] *Jarbough v. Att'y Gen.*, 483 F.3d 184, 189 (3d Cir. 2007) ("[C]ourts have recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D).").

[12] *Korytnyuk v. Ashcroft*, 396 F.3d 272, 294 (3d Cir. 2005) (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 178 (3d Cir. 2002)).

[13] Appellant's Br. 15.

contrary, the IJ contrasted Arrechea's Social Security earnings statements with his (lack of) tax returns, acknowledged some earnings scattered throughout 1998 and 2009, and concluded that—despite sporadic employment—Arrechea's failure to file tax returns weighed against his moral character. That tension between Arrechea's arguments and the record runs throughout his briefing, and does not expand this Court's jurisdiction.

Finally, Arrechea claims that the IJ erred in considering the absence of family members from his removal hearing as a relevant factor in its discretionary analysis. True, family ties within the United States may be a favorable consideration in an IJ's evaluation of a given alien, and family members' attendance at a hearing to provide positive testimony may bolster that consideration. But the inverse holds true as well; the *absence* of testimony from family members might cast a negative light on the strength of any domestic family ties.[14] And we lack jurisdiction to re-weigh that evidence now, particularly when considered in concert with the IJ's detailed recounting of other positive and negative evidence of his family connections.[15]

For the foregoing reasons, we will dismiss the petition.

---

[14] *See Omowole v. Garland*, 6 F.4th 734, 743 (7th Cir. 2021) (noting that a family member who elected not to testify at hearing cast doubt on alien's argument for asylum and withholding of removal).

[15] *Johnson*, 602 F.3d at 510.